# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO.

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ONE MOTOR YACHT, "MARYLAND",
HULL I.D. HATES335K293, 52" HATTERAS

        Defendant.

_____/

04 - 60867

## CIV - DIMITROULEAS

/ TORRES

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

The United States files this Verified Complaint for Forfeiture In Rem and in support alleges that:

1.      This is a civil action for forfeiture In Rem against One Motor Yacht, "Maryland", Hull I.D. HATES335K293, 52" Hatteras.

2.      This Court has jurisdiction over this matter pursuant to Title 28 U.S.C. §1345 and 1355.

3.      This Court has venue over the defendant property pursuant to Title 28 U.S.C. §1395(a) and (b).

4.      The defendant property is forfeitable pursuant to Title 21 U.S.C. §881(a)(6) as narcotics proceeds, money, negotiable instruments or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance and/or property traceable to such an exchange and/or as narcotics proceeds used or intended to be used to facilitate a violation of 21 U.S.C. §801 et. seq.

5.      On January 5, 2003, a powerful drug trafficker associated with the Colombian North



Valley Cartel, MIGUEL SOLANO was murdered in Cartagena, Colombia, by an unidentified assassin. At the time of his death, SOLANO was the subject of investigations by the FBI Miami Division, FBI New York Division, and the United States Attorney's Office for the Southern Districts of Florida and New York for drug trafficking and money laundering. During the course of this investigation and other investigations, it was learned that PUELLO was a close associate of SOLANO and other North Valley Cartel traffickers.

6.      PUELLO has a long history in drug trafficking and money laundering for the North Valley Cartel. In or about January 1996, United States Department of State records indicate that PUELLO was declared ineligible to possess a United States Visa due to his documented drug trafficking past.

7.      In March 2002, PUELLO purchased for $2,526,000 a ranch located at 5600 Southwest 61st Avenue, Davie, Florida, from SERGIO PANTOJA. PANTOJA has an extensive history of involvement in  smuggling large loads of cocaine for Colombian drug cartels.

8.      PUELLO has been involved extensively in the laundering of Colombian drug proceeds through the purchase and sale of artwork and commercial goods. PUELLO also used a network of flight attendants who were employed by the Colombian  commercial airline, ACES, to transport bulk currency back to Colombia.

9.      During late 2001 or early 2002, PUELLO'S associate, MIGUEL SOLANO, fled the United States out of fear of being arrested for his drug trafficking and money laundering activities. After SOLANO'S departure, PUELLO was entrusted with disposing of SOLANO'S assets to include luxury vehicles, trucks, and at least one piece of real property that was titled to SOLANO.

10.      PUELLO  fled the United States for Colombia around the end of November 2002.

2

PUELLO was fearful that he was also a subject of a current investigation.

11.     On January 5, 2003, PUELLO'S associate, MIGUEL SOLANO, was murdered in Cartagena, Colombia. After his murder, FBI Miami Division began seizing several properties and assets located in South Florida that belonged to SOLANO. FBI Miami also began receiving information that several of SOLANO'S employees and associates began to sell off and hide property belonging to SOLANO, often without permission of SOLANO'S widow.

12.     Around January 2003, PUELLO was attempting to dispose of his properties in the United States, due to the recent law enforcement action against SOLANO'S assets. An associate of PUELLO'S, EDUARDO GONZALEZ, aka "Aldo," was allowed to move onto PUELLO'S property located at 5600 Southwest 61st Avenue, Davie, Florida. PUELLO was living in Pereira, Colombia and instructed GONZALEZ to sell everything that PUELLO owned in Miami. PUELLO was in the process of locating a buyer, so that he could quickly sell his $2.5 million ranch located at 5600 Southwest 61st Avenue, Davie, Florida, but a lis pendens was filed on the property by the USAO Southern District of Florida and civil forfeiture proceedings are currently underway.

13.     Among his assets, PUELLO owned a 52' Hatteras motor yacht that was recently stored at LAUDERDALE MARINE CENTER, 2001 SW 20th Street, Fort Lauderdale, Florida. PUELLO'S yacht, "Maryland," was placed in dry dock, prior to his departure from the United States, for the purpose of making several necessary repairs to the yacht.

14.     PUELLO purchased the 52' Hatteras motor yacht from MIGUEL SOLANO, in 1998, for the amount of $1,000,000.00. SOLANO owned the yacht prior to selling it to PUELLO, and he maintained a boat captain and crew for the yacht.

15.     The yacht was previously owned by HERMAN WECHSLER-KLHAR who was an

associate of SOLANO.  An unknown person attempted to kill WECHSLER-KLHAR in Colombia, and SOLANO took possession of the yacht after the attempt on WECHSLER-KLHAR'S life. PUELLO was in the process of converting the registration from WECHSLER-KLHAR to his name.

16.     PUELLO was murdered near Pereida, Colombia on December 10, 2003.

17.     Athe United State has learned that PUELLO'S widow, PAOLA JABBA, is being pressured in Colombia to repay debts that PUELLO incurred from several people in Colombia.

21.     During the purchase of the "Maryland", PUELLO had  no legitimate income, and at the time, PUELLO was organizing cocaine shipments with MIGUEL SOLANO while both SOLANO and PUELLO were in the United States.

22.     The records at LAUDERDALE MARINE CENTER in Ft. Lauderdale, from where the vessel was seized and show reference to the motor yacht "Maryland." The PUELLO was listed as the owner/agent of the "Maryland," and had used his credit card to open the storage account on May 20, 2002. The insurance obtained for the yacht, shown the vessel as being registered to JOSE PUELLO, 3206 Northeast 168th Street, Miami, Florida.

23.     Based on the foregoing,  the yacht is forfeitable pursuant to Title 21 United States Code Section 881(a) (6) as it was obtained by PUELLO with proceeds from his narcotics actives.

**WHEREFORE,** the United States of America request that process in due of law according to the procedures of the Court in cases of actions in rem in accordance with provisions of Rule C (3), Supplemental Rules of Certain Admiralty and maritime Claims issue against the defendant currency, and that any person or persons having any interest therein be cited and directed to appear herein and answer this complaint, and that this Court decree the condemnation and forfeiture of the defendant

4

currency to the United States and that plaintiff have such other and further relief as may be just and proper.

Respectively submitted,

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

BY: _____
WILLIAM H. BECKERLEG, JR.
ASSISTANT U.S. ATTORNEY
500 E. Broward Blvd., Suite 700
Ft. Lauderdale, Florida 33394
Tel: (954) 356-7314 ext. 3614
Fax: (954) 356-7180
Fla Bar No. A550007

## <u>VERIFICATION</u>

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that, I , Thomas J. Clark, Special Agent for the Federal Bureau of Investigation, have read to foregoing Verified Complaint for Forfeiture <u>In Rem</u> and state that the contents are true to be best of my knowledge and belief.

_____
THOMAS J. CLARK
SPECIAL AGENT,
FEDERAL BUREAU OF INVESTIGATION

property to the United States and that plaintiff have such other and further relief as may be just and proper.

Respectively submitted,

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

BY: _____
WILLIAM H. BECKERLEG, JR.
ASSISTANT U.S. ATTORNEY
500 E. Broward Blvd., Suite 700
Ft. Lauderdale, Florida 33394
Tel: (954) 356-7314 ext. 3614
Fax: (954) 356-7180
Fla Bar No. A550007

## VERIFICATION

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that, I , Thomas J. Clark, Special Agent for the Federal Bureau of Investigation, have read to foregoing Verified Complaint for Forfeiture In Rem and state that the contents are true to be best of my knowledge and belief.

THOMAS J. CLARK
SPECIAL AGENT,
FEDERAL BUREAU OF INVESTIGATION

5